Tagged



**ORDERED in the Southern District of Florida on October 22, 2008.**

_____
Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

```
             UNITED STATES BANKRUPTCY COURT
              SOUTHERN DISTRICT OF FLORIDA
                WEST PALM BEACH DIVISION

In re:                              CASE NO. 08-21022-PGH

Raymond E. Van Luvender, III,       Chapter 7

     Debtor.
_____/
```

### ORDER DENYING TRUSTEE'S MOTION TO VACATE ORDER GRANTING APPLICATION TO WAIVE CHAPTER 7 FILING FEE

**THIS MATTER** came before the Court for hearing on October 6, 2008, upon Michael R. Bakst's (the "Trustee") *Motion to Vacate Order Granting Application to Waive Chapter 7 Filing Fee* (the "Motion to Vacate").

### BACKGROUND

On August 4, 2008, Raymond E. Van Luvender III (the "Debtor") filed a Chapter 7 petition and an *Application for*

*Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments* (the "Waiver Application"). On August 5, 2008, the Court entered an *Order Granting the Debtor's Waiver Application*. On September 19, 2008, the Trustee filed the Motion to Vacate.

The Debtor's Waiver Application indicates there are five people in the Debtor's family. On Schedule J, the Debtor listed the following monthly expenditures: 1) $1,500.00 for rent, 2) $160.00 for utilities, 3) $150.00 for food, and 4) $120.00 for transportation. The Debtor's total average monthly expenses as listed on Schedule J are $1,930.00.[1] The Debtor indicated average net monthly income of $1,343.00 on Schedule I, and net monthly income of dependents in the amount of $300.00 on the Waiver Application, for a total combined net monthly income of $1,643.00.

The Debtor's Waiver Application provides that the Debtor had personal property consisting of: 1) $891.00 in a Bank Atlantic Checking account, 2) $10.19 in a Bank Atlantic Savings account, and 3) equity of $557.00 in an automobile. On Schedule C, the Debtor claimed the money in the bank accounts and the automobile as exempt. The Debtor's Waiver Application states the Debtor paid $200.00 for assistance in his bankruptcy filing.

---

[1] The Court notes that on the Debtor's Waiver Application, the Debtor stated monthly expenses of $1,800.00 rather than $1,930.00 as stated on Schedule J.

## **CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Pursuant to 28 U.S.C. § 1930(f)(1), a two-prong test applies to determine whether a debtor is eligible for a waiver of the Chapter 7 filing fee.[2]  First, the debtor's income must be less than 150% of the income official poverty line.  *In re Spisak*, 361 B.R. 408, 412 (Bankr. D. Vt. 2007); *In re Kauffman*, 354 B.R. 682, 685 (Bankr. D. Vt. 2006).  Second, the debtor must be unable to pay the filing fee in installments.  *In re Stickney*, 370 B.R. 31, 36 (Bankr. D.N.H. 2007).

The income official poverty line applicable to a family of five is $24,800 annually.[3]  *See* 2008 Department of Health and Human Services Poverty Guidelines, http://aspe.hhs.gov/poverty/08Poverty.shtml.  One hundred and fifty percent of $24,800 is $37,200 annually or $3,100 monthly.  Pursuant to Schedule I, the Debtor's gross monthly income is $1,600.00 and net monthly income

---

[2] Section 1930(f)(1) provides in part:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

[3] The Court is unable to discern whether the guideline represents net or gross income. *See* http://aspe.hhs.gov/poverty/faq.shtml#.

is $1,343.00.  Therefore, the first prong is satisfied because the Debtor's income, net and gross, is far less than 150% of the income official poverty line applicable to a family of five.

As to the second prong of the test, courts apply a totality of the circumstances analysis to determine whether a debtor is unable to pay the filing fee in installments.  *In re Spisak*, 361 B.R. at 412; *In re Kauffman*, 354 B.R. at 685; *In re Stickney*, 370 B.R. at 40.  Courts consider various factors, including: 1) discrepancies between a debtor's application and schedules based upon review of those documents, the debtor's testimony, and other pleadings; 2) excessive or unreasonable expenses that could be directed to the payment of the filing fee; 3) whether the debtor agreed to pay a portion of attorney's fees after the filing of the case; and 4) whether the debtor has any property from which the filing fee could be paid.  *In re Stickney*, 370 B.R. at 40-42. (citations omitted).

The Trustee contends that the Debtor had funds available to pay the filing fee because the Debtor: 1) had a total of $901.19 in bank accounts, 2) received $2,414.01 from a tax return, and 3) paid $200.00 to a petition preparer.  The Trustee therefore asserts that the Debtor is not eligible for a fee waiver. However, given the totality of the circumstances of this case, particularly the Debtor's negative monthly income, the Court herewith denies the Trustee's Motion to Vacate.

The Debtor has negative monthly income of $287.00, even after taking into account the additional $300.00 net income from the Debtor's dependents. The Debtor's expenses as reflected on Schedule J are not excessive or unreasonable for a family of five. The Debtor lists the following expenses: 1) $1,500.00 for rent, 2) $80.00 for electricity and heating, 3) $55.00 for water and sewage, 4) $25.00 for telephone, 5) $150.00 for food, and 6) $120.00 for transportation. Additionally, at the hearing, the Debtor testified that the $901.19 in the bank accounts and the $2,414.01 from the tax return have already been applied towards payment of bills. The Debtor indicated no equity in real property and minimal equity in an automobile. The Court further notes no material discrepancies between Debtor's application and schedules based upon review of the documents, the Debtor's testimony, and other pleadings. Therefore, the Court concludes that under the totality of the circumstances, the Debtor has established he is financially unable to pay the filing fee in installments. *See, e.g., In re Nuttal*, 334 B.R. 921 (Bankr. W.D. Mo. 2005)(holding that debtors' lack of disposable assets and negative monthly income render debtors unable to pay filing fee); *In re Benson*, No. 07-60483, 2007 WL 1039068 (Bankr. N.D. Ohio April 2, 2007)(concluding that debtor is unable to pay filing fee in installments where debtor's expenses were reasonable).

The Trustee further argues that the Court should consider a

debtor's exempt assets when determining whether waiver of the filing fee is warranted. *See, e.g., In re Robinson*, No. 06-40288, 2006 WL 3498296, at * 5-6 (Bankr. S.D. Ga. July 19, 2006) (concluding that debtors whose total monthly expenses exceeded total net monthly income had the ability to pay filing fee in installments by borrowing against or liquidating automobile claimed as exempt). The Court agrees that exempt assets may be considered for purposes of the totality of the circumstances analysis under the second prong of § 1930(f)(1). *See id.* at *2-3; *In re Stickney*, 370 B.R. at 42-43; *In re Spisak*, 361 B.R. at 414. However, in this case, the Debtor's liquid exempt asset of $901.19 is negligible based upon the Debtor's negative monthly income. Moreover, the Debtor's illiquid asset - equity of $557.00 in an automobile - is minimal. To require the Debtor to sell or borrow against the automobile would be unpractical and inequitable. *See generally In re Stickney*, 370 B.R. 31; *United States v. Bracewell*, 569 F.2d 1194 (2d Cir. 1978). Consequently, given the totality of circumstances of this case, the Court finds that the Debtor is unable to pay the filing fee in installments and requiring him to do so would cause undue financial hardship.

## CONCLUSION

For the reasons stated above, the Court finds that the Debtor has established that his income is less than 150% of the

income official poverty line applicable to a family of five, and he is unable to pay the filing fee in installments. Accordingly, the Court denies the Trustee's Motion to Vacate.

### ORDER

The Court, having reviewed the applicable law, the submissions of the parties, and having been otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** the Trustee's Motion to Vacate Order Granting Application to Waive Chapter 7 Filing Fee is **DENIED**.

###

Copies furnished to:

Raymond E. Van Luvender, III

Michael R. Bakst

U.S. Trustee